WR-81,581-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/24/2015 9:03:01 AM
Accepted 4/24/2015 9:10:09 AM
ABEL ACOSTA
CLERK

No. WR-81,581-01

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

RECEIVED
COURT OF CRIMINAL APPEALS
4/24/2015
ABEL ACOSTA, CLERK

**Ex parte Demontrell Miller**
Applicant

On Petition for Post-Conviction Writ of *Habeas Corpus* Pursuant to Article 11.07 § 3, *et seq.*, C.Cr.P., in Case No. 241-1251-08 in the 241st District Court of Smith County

# Motion for Rehearing

TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Demontrell Miller, Applicant, by and through David A. Schulman and John G. Jasuta, his undersigned attorneys of record, and respectfully files this motion for rehearing, and would show the Court:

### Procedural History

Applicant was convicted of capital murder and a death sentence was imposed. On December 8, 2009, the *habeas* court appointed the undersigned to represent Applicant in a post-conviction proceeding under Article 11.071, C.Cr.P. On January 6, 2012, after completing a thorough investigation, the

undersigned filed the *habeas corpus* application required by the statute.

In the *habeas corpus* application, the undersigned raised five separate and distinct claims on Applicant's behalf:

1. Applicant was Denied Due Process When the State Improperly Invoked "The Witness Rule," Which Effectively Excluded Thirty-Three of Applicant's Friends and Family Members from the Courtroom.

2. Applicant was Denied Due Process and the Effective Assistance of Counsel Under the Sixth Amendment When the Trial Counsel Either Assisted the State's Efforts to Improperly Invoke "The Witness Rule," Which Effectively Excluded Thirty-Three of Applicant's Friends and Family Members from the Courtroom, or, at a Very Minimum, Took No Steps to Prevent the State from Doing So.

3. Applicant Was Denied the Effective Assistance of Counsel When Trial Counsel Failed to Adequately Prepare a Case in Mitigation of the Death Penalty and/or Prepare Any Real Defensive Punishment Theory.

4. Applicant Was Denied Due Process by the "10-12" Rule of Article 37.071 § 2(d)(2) and § 2(f)(2), Texas Code of Criminal Procedure.

5. Applicant's Rights under the Eighth and Fourteenth Amendments to the U.S.' Constitution Are Violated By Texas' Death Penalty Scheme, as the Jury's Assessment of the Death Penalty is Not Truly Subject to Judicial Review.

Over the next nearly three years, the undersigned made numerous requests for discovery and for an evidentiary hearing.

The *habeas* court refused to provide Applicant with the opportunity to prove his claims. Then, on September 24, 2014, the *habeas* court entered is findings of fact and conclusions of law, recommending that this Court deny relief. On April 15, 2015, this Court denied Applicant *habeas corpus* relief "upon the trial court's findings and conclusions and our own review."

## Arguments in Favor of Reconsideration

The undersigned is fully aware that this Court has denied claims exactly like or similar to the claims Applicant raised in the fourth and fifth grounds for relief. He asserts, however, that those must be included if they are ever to be asserted in federal court, and that the fact that they have been overruled time and again is of no importance, as the Supreme Court can and sometimes does do a complete turn about on important issues, and if they have not been properly raised and exhausted, such claims are waived, even though the Applicant might otherwise be entitled to relief. See **_Sunal v. Large_**, 332 U.S. 174 (1947).

3

As to Applicant's first three claims for *habeas corpus* relief, the undersigned asserts that each includes "previously unresolved factual issues material to the legality of the Applicant's confinement." Consequently, and with all due respect, the undersigned suggests that the Court's decision to adopt the *habeas* court's findings and conclusions is in error.

For example, the affidavit of trial counsel, Melvin Thompson provided to the State and filed on August 20, 2012, conflicts with the affidavit he personally provided to Applicant dated January 4, 2012. Additionally, the affidavit Luanda Lacey provided to the State is contradictory both Mr. Thompson's affidavit and is totally incongruent with the factual allegations set out in the numerous affidavits submitted with the *habeas corpus* application.

In Applicant's first ground for relief, he claimed, pursuant to **Waller v. Georgia**, 467 U.S. 39, 46 (1984), and **Presley v. Georgia**, 558 U.S. 209 (2010), that the State improperly invoked

"the Rule,"[1] which effectively excluded thirty-three of Applicant's friends and family members from the courtroom, all of whom were supporters of Applicant.  In his second ground for relief, he claimed that trial counsel was ineffective when he either assisted the State's efforts to  improperly invoke the Rule, or, at a very minimum, took no steps to prevent the State from doing so.

In support of his claim that he was denied due process and the effective assistance of counsel by the improper exclusion of his supporters from the courtroom during his trial, Applicant respectfully recommends the decision of the Fourth Court of Appeals in ***Cameron v. State***, 415 S.W.3d 404 (Tex.App. - San Antonio 2013).  In ***Cameron***, the Court of Appeals held that, because members of the defendant's family were excluded from the courtroom during preliminary *voir dire* proceedings, the defendant's constitutional rights were violated, and the defendant was entitled to a new trial.

Subsequently, in ***Cameron v. State***, PD-1427-13 (Tex.Cr.App. October 8, 2014), this Court determined that the trial

---

[1]  See Rule 614, Tex.R.Evid. ("Exclusion of Witnesses").

5

court was, in fact, closed at a critical stage at the proceedings. Because the trial court had not made findings which would "support a legitimate overriding interest for this closure," the Court affirmed the Court of Appeals' decision and remanded the case for a new trial. Nothing less is due here.

While there appears to be a dispute regarding how many of Applicant's supporters were excluded from the Court, the allegation in the *habeas corpus* allegation, that a significant number of Applicant's supporters were excluded by either the action of the trial court or the State of Texas, or both, should be sufficient to warrant a hearing. In truth, the constitutional underpinnings of the cases regarding exclusion of supporters from the courtroom has nothing to do with the number of persons excluded from that court room. *Presley*, 558 U.S. at 210, concerned the exclusion of one person. Any dispute as to the number excluded by use of the Rule is irrelevant to the constitutional issues presented. The allegation, and the proffered proof, is certainly sufficient, in and of itself, to demonstrate that

6

there are "previously unresolved factual issues material to the legality of the Applicant's confinement."

### III

Finally, in Applicant's third ground for relief, Applicant claimed, pursuant to ***Wiggins v. Smith***, 539 U. S. 510 (2003); ***Coble v. Dretke***, 444 F.3d 345 (5th Cir. 2006); and ***Williams v. Taylor***, 529 U.S. 362 (2000), that he was denied the effective assistance of counsel at the punishment phase. In support of this claim, Applicant presented numerous affidavits and a substantial amount of documentary evidence. As with Applicant's second ground for relief, it is clear the affidavits and documentary exhibits provided in support of Applicant's *habeas corpus* application call into question the very idea that trial counsel conducted any sort of meaningful mitigation investigation or introduced anywhere near the appropriate amount of evidence during the punishment phase of the instant trial.

The evidence presented by Applicant (attached to the *habeas corpus* application) demonstrates a failure to investigate and/or prepare a case in mitigation. Not only are trial counsel's affidavits

contradicted by the evidence attached to the *habeas corpus* application, nothing in the affidavits supports the *habeas* court's findings and conclusion.

## Conclusion

The *habeas* court's findings and conclusions are not supported by the record, unless ignores the contradictions in the affidavits and the documentary evidence. In this death penalty case, there are previously unresolved factual issues material to the legality of the Applicant's confinement, and such issues as those presented require resolution through a courtroom exchange. The *habeas* court's findings and conclusions are unsupported in fact and unsupportable in law. They should have been, and should be, rejected. Absent a full factual exploration of the facts and circumstances giving rise to Applicant grounds for *habeas corpus* relief, the material facts at issue remain unresolved.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Applicant and the undersigned respectfully pray that the Court will reconsider its action of April 15, 2015, on its own initiative, vacate its written

order of that date, and remand the case for a live evidentiary hearing, so that Applicant may have the opportunity to prove the claims made in his *habeas corpus* application.

Respectfully submitted,

**John G. Jasuta**
Attorney at Law
Post Office Box 783
Austin, Texas 78767-0783
lawyer1@johngjasuta.com
Tel. 512-474-4747
Fax: 512-532-6282
State Bar No. 10592300

**David A. Schulman**
Attorney at Law
Post Office Box 783
Austin, Texas 78767-0783
zdrdavida@davidschulman.com
Tel. 512-474-4747
Fax: 512-532-6282
State Bar Card No. 17833400

Attorneys for Demontrell Miller

9

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X7 software, contains 1,441 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on April 24, 2015, a true and correct copy of the above and foregoing "Motion for Rehearing" was transmitted via the eService function on the State's eFiling portal, to Michael J. West (mwest@smith-county.com), counsel of record for the State of Texas.

_____

**David A. Schulman**